

December 13, 2023



**VIA ELECTRONIC FILING**
Honorable Katherine Polk Failla
United States District Court, Southern District of New York
40 Foley Square, Courtroom 618
New York, NY 10007

*Re: Ackerman v. Pink, et. al., Case No. 23-cv-06952-KPF; Request for Extension*

Dear Judge Failla,

This law firm is counsel to Plaintiff Mr. Dan Ackerman in the above-entitled matter, and request that the Court deny Defendants request to adjourn the pretrial conference for a second time. Further, Plaintiff writes to correct certain inaccuracies raised in Defendants request and in their response to Plaintiff's request to respond to Defendants pre motion to dismiss letter.

First, Plaintiff has already agreed to multiple extensions requested by Defendants without conditions, including adjourning the date of the pretrial conference that was originally scheduled for November 3, 2023 (see ECF 19), and agreeing to extending the date for certain defendants to answer. (See ECF 25.) Defendants offer no reason to adjourn the pretrial conference again, aside from wanting the Court to hear their Motion to Dismiss first without initial disclosures or a preliminary conference taking place, and depriving Plaintiff of his right to discovery before the motion to dismiss is decided. Conversely, Plaintiff's complaint was filed on August 7, 2023, and his case has been lingering since then. Plaintiff has the right to initial disclosures and a pretrial conference and to move his case along, regardless of Defendants motion to dismiss, which involves numerous disputed factual issues concerning a screenplay and film that is substantially similar in almost all material respects to Mr. Ackerman's book, including specific chapters and pages of said book outlined in the complaint that were simply adopted from the book to the film, without Plaintiff's knowledge, authorization, or consent.

Secondly, Defendants would not agree to an extension to answer their pre-motion letter to dismiss without onerous conditions, and Plaintiff would not agree to adjourning the pretrial conference or any discovery dates, which is what Defendants were requesting Plaintiff do. From Mr. Dickstein's email: ("We also propose asking Judge Failla to adjourn the initial conference until after she has had an opportunity to review and rule upon the pre-motion letters and we have had an opportunity to file our motion to dismiss (assuming she gives us permission to do so)."

Accordingly, Plaintiff respectfully requests that the Court deny Defendants request to adjourn the pretrial conference or delay initial disclosures or discovery in any way.

Plaintiff appreciates the Court's consideration.

Dated: New York, New York
December 14, 2023

Respectfully submitted,

**THE LANDAU GROUP, PC**

*/s/ Kevin A. Landau*
_____
Kevin A. Landau
Zachary R. Landau

*Attorneys for Plaintiff Daniel Ackerman*

```
The Court is in receipt of Defendants' letter motion to adjourn
the initial pretrial conference currently scheduled for January
10, 2024 (Dkt. #32) and Plaintiff's above response (Dkt. #34).

The Court hereby DENIES Defendants' motion to adjourn the
conference.  Upon its review of Plaintiff's response to
Defendants' letter motion for a conference in anticipation of
Defendants' motion to dismiss (Dkt. #30), which is currently due
on December 29, 2023 (Dkt. #33), the Court will determine
whether it is necessary to hold the conference, convert the
conference into a pre-motion conference, or otherwise.

The Clerk of Court is directed to terminate the pending motion
at docket entry 32.


Dated:    December 14, 2023          SO ORDERED.
          New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE