IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                                              :

DANIEL ACKERMAN,                          :   Case No. 23-cv-06952-KPF

                      Plaintiff,            :   **ORAL ARGUMENT REQUESTED**

                -against-

NOAH PINK, APPLE INC.,
ACCESS INDUSTRIES, INC.,
AI PRODUCTIONS LTD.,
MARV STUDIOS LTD.,
FB COMMISSIONING LTD.,
MAYA ROGERS, THE TETRIS
COMPANY, INC.,

                    Defendants.
-----------------------------------------------------------X

# REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

LOEB & LOEB LLP
Barry I. Slotnick
Tal Dickstein
Elena De Santis
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000

*Attorneys for Defendants Noah Pink, Apple Inc., Access Industries, Inc., A.I. Film Production Limited (incorrectly sued as AI Productions Limited), Marv Studios Ltd., FB Commissioning Ltd., Maya Rogers, and The Tetris Company, Inc.*

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

ARGUMENT ........................................................................................................................................ 1

I. Plaintiff's Copyright Infringement Claim Fails as a Matter of Law .................................... 1

    A. Plaintiff Ignores the Fact that Any Similarities Between the Works Consist of Unprotectable Real-World Events ............................................................ 1

    B. Plaintiff Does Not Dispute that the Court Can Take Judicial Notice of Prior Reporting About the Events that the Works Allegedly Have in Common ................................................................................................................ 5

    C. Plaintiff's Allegations of Ownership and Access are Irrelevant ............................. 6

    D. Plaintiff's Argument About Defendants' Screenplay is a Red Herring .................. 7

II. Plaintiff's Unfair Competition Claim Fails as a Matter of Law .......................................... 8

III. Plaintiff Concedes that His Tortious Interference with Business Relations Claim Fails as a Matter of Law ................................................................................................... 9

IV. Plaintiff's Complaints About Footnotes Are a Meritless Sideshow .................................. 10

CONCLUSION .................................................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A&E TV Networks, LLC v. Big Fish Ent.*,
 LLC, 2023 U.S. Dist. LEXIS 105348 (S.D.N.Y. June 16, 2023) ..............................................4

*Abdin v. CBS Broad., Inc.*,
 971 F.3d 57 (2d Cir. 2020) ...............................................................................................2, 3

*Becdelievre v. Anastasia Musical LLC*,
 2018 U.S. Dist. LEXIS 55815 (S.D.N.Y. Apr. 2, 2018) ...........................................................5

*Berkson v. Gogo LLC*,
 97 F. Supp. 3d 359 (E.D.N.Y. 2015) ........................................................................................8

*Bletas v. Deluca*,
 2011 U.S. Dist. LEXIS 160393 (S.D.N.Y. Dec. 16, 2011) .....................................................10

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*,
 373 F.3d 296 (2d Cir. 2004) ......................................................................................................8

*Cates v. Schlemovitz*,
 2023 U.S. Dist. LEXIS 168889 (N.D.N.Y. Sep. 22, 2023) ................................................. 6-7

*DeAngelis v. Am. Airlines, Inc.*,
 2008 U.S. Dist. LEXIS 25323 (E.D.N.Y. Mar. 31, 2008) .......................................................10

*Effie Film, LLC v. Pomerance*,
 909 F. Supp. 2d 273 (2012) ............................................................................2-3, 5-6, 7

*Fin. Info., Inc. v. Moody's Investors Serv., Inc.*,
 808 F.2d 204 (2d Cir. 1986) ......................................................................................................8

*Flaherty v. Filardi*,
 388 F. Supp. 2d 274 (S.D.N.Y. 2005) ................................................................................. 7-8

*Gal v. Viacom Intern., Inc.*,
 403 F. Supp. 2d 294 (S.D.N.Y. 2005) .......................................................................................5

*Grecco v. AP*,
 2017 U.S. Dist. LEXIS 105264 (S.D.N.Y. July 7, 2017) ..........................................................6

*Gregorini v. Apple Inc.*,
 2022 U.S. App. LEXIS 4640 (9th Cir. Feb. 22, 2022) .............................................................5

*Gregorini v. Apple Inc.*,
    2020 U.S. Dist. LEXIS 196123 (C.D. Cal. May 28, 2020) ....................................................... 5

*Hoehling v. Universal City Studios*,
    618 F.2d 972 (2d Cir. 1980) ............................................................................................. 2, 3-4

*ID Tech LLC v. Bayam Grp., Inc.*,
    2023 U.S. Dist. LEXIS 54391 (S.D.N.Y. Mar. 29, 2023) ....................................................... 9

*ITC Ltd. v. Punchgini, Inc.*,
    9 N.Y.3d 467 (2007) ............................................................................................................... 8

*Kap Jeung Tang v. Jinro Am., Inc.*,
    2005 U.S. Dist. LEXIS 44988 (E.D.N.Y. Oct. 10, 2005) ....................................................... 9

*King Zak Indus., Inc. v. Toys 4 U USA Corp.*,
    2017 U.S. Dist. LEXIS 202784 (S.D.N.Y. Dec. 8, 2017) ....................................................... 8

*Komlossy v. Faruqi & Faruqi, LLP*,
    2017 U.S. Dist. LEXIS 25490 (S.D.N.Y. Feb. 23, 2017),
    *aff'd*, 714 F. App'x 11 (2d Cir. 2017) .................................................................................... 9

*Lewinson v. Henry Holt & Co.*,
    659 F. Supp. 2d 547 (S.D.N.Y. 2009) .................................................................................... 6

*Moccio v. Cornell Univ.*,
    2009 U.S. Dist. LEXIS 62052 (S.D.N.Y. July 21, 2009),
    *aff'd*, 526 F. App'x 124 (2d Cir. 2013) .................................................................................. 9

*O'Keefe v. Ogilvy & Mather Worldwide, Inc.*,
    2006 U.S. Dist. LEXIS 91959 (S.D.N.Y. Dec. 18, 2006) ....................................................... 6

*P&G Auditors & Consultants, LLC v. Mega Int'l Commercial Bank Co.*,
    2019 U.S. Dist. LEXIS 169750 (S.D.N.Y. Sept. 30, 2019) ................................................... 10

*Roy Exp. Co. Establishment of Vaduz v. CBS*,
    672 F.2d 1095 (2d Cir. 1982) ................................................................................................. 8

*Walker v. Time Life Films, Inc.*,
    784 F.2d 44 (2d Cir. 1986) .................................................................................................. 2, 7

*Walkie Check Prods., LLC v. ViacomCBS Inc.*,
    2022 U.S. Dist. LEXIS 113357 (S.D.N.Y. June 27, 2022) ................................................. 4-5

*Warner v. Amazon.com, Inc.*,
    2023 U.S. Dist. LEXIS 174188 (S.D.N.Y. Sept. 28, 2023) .................................................... 4

Defendants respectfully submit this Reply in further support of their Motion to Dismiss Plaintiff's First Amended Complaint ("Motion" or "Mot." [Dkt. 48]).[1]

## ARGUMENT

### I. Plaintiff's Copyright Infringement Claim Fails as a Matter of Law

#### A. Plaintiff Ignores the Fact that Any Similarities Between the Works Consist of Unprotectable Real-World Events

This Court recognized during the pre-motion conference that the alleged similarities listed in Plaintiff's original Complaint were "events that happened in the lives of the parties involved" in the history of Tetris. (Dickstein Decl., Ex. G at 3-4.) The Court then gave Plaintiff an opportunity to amend his pleading to identify "events that did not happen in real life but made their way into the movie" from Plaintiff's Book. (*Id.* at 5-6.) Yet, as Defendants demonstrated in their Motion (Mot. 10-26), Plaintiff's FAC simply reshuffled his original list of alleged similarities, which are all based on unprotectable events involving the history of Tetris, different expressions of those events, or elements that are not actually in the Film.

Now, nearly a year after this lawsuit was filed, Plaintiff's opposition ("Opp." [Dkt. 55]) makes clear that his infringement claim is nothing but smoke and mirrors. Rather than attempt to identify original expression from his Book that was allegedly copied in the Film, Plaintiff simply recites the legal standards for substantial similarity and parrots some of the flawed allegations in his FAC. He completely ignores the overwhelming evidence Defendants presented that those alleged similarities consist of unprotectable factual events, different descriptions of those events, or misrepresentations of the content of the works. The history of Tetris does not belong to Plaintiff any more than it belongs to the many other authors and journalists who reported on it before

---

[1] Capitalized terms not defined herein have the same meanings as in Defendants' Motion.

Plaintiff—including those cited in his own bibliography. Plaintiff's attempt to monopolize facts and events must be rejected.

Plaintiff concedes that the characters in his Book are "historical figures" and that much of the story in his Book is of the "events" and "historical record" surrounding Tetris. (Opp. 3, 20). This dooms Plaintiff's copyright claim, as real-life people and actual events are not protectable. *See Effie Film, LLC v. Pomerance*, 909 F. Supp. 2d 273, 310 (2012) ("[t]he bar for substantial similarity in a character is set quite high" especially when "the characters in a disputed work are based on actual historical figures, since the prohibition on copyrighting historical facts necessarily extends to control over interpretations of a historical [character]").

The story in Plaintiff's Book would not be protectable even if, as he asserts, it were based on his "original research." (Opp. 20); *see Walker v. Time Life Films, Inc.*, 784 F.2d 44, 49-50 (2d Cir. 1986) ("copyright protection … does not extend to facts or to true events, even if they are discovered through original research"). The law does not allow one author to prevent another from using his or her factual research. *See Hoehling v. Universal City Studios*, 618 F.2d 972, 979 (2d Cir. 1980) (defendant had the right to "avail himself of the facts contained" in plaintiff's book, which prevents the "wasted effort that the proscription against the copyright of ideas and facts … are designed to prevent") (internal citations and quotations omitted).

Contrary to Plaintiff's assertion (Opp. 1, 21), the question is not whether the Book is sufficiently original to be entitled to protection in the abstract, but whether Plaintiff has identified any original expression—as opposed to factual events—that was allegedly copied from Plaintiff's Book and used in the Film. *See Abdin v. CBS Broad., Inc.*, 971 F.3d 57, 66 (2d Cir. 2020) (a copyright plaintiff must demonstrate that "a substantial similarity exists between the defendant's work[s] and the protectible elements of plaintiff's [work]"); *Effie Film, LLC*, 909 F. Supp. 2d at

298 ("[T]o the extent that the disputed works are similar with respect to plot structure, individual scenes, settings, or features of individual characters that reflect historical facts or interpretations, those similarities do not count towards the substantial similarity analysis.").

The only alleged similarity that Plaintiff actually discusses—as opposed to simply quoting allegations from the FAC that Defendants have already addressed in their Motion—involves scenes at the Las Vegas Computer Electronics Show. (Opp. 23) (citing FAC ¶ 59(a).) Yet, here too, Plaintiff admits that this supposedly "obvious" similarity is based on the real-world CES event, including the entirely unremarkable presence of lights, sounds, sales booths and businessmen. (*Id.*) Plaintiff fails to identify any similarity in the particular way the CES event is expressed in the two works. Indeed, there are substantial *differences* between the CES scenes in the Book and in the Film, which Defendants detailed in their Motion. (Mot. 11-12.)

Plaintiff ignores many other differences between the works as well, including the Book's extended discussion of the backgrounds of the key players and of the gameplay itself, differences in the negotiations over the rights to Tetris, and the Film's prominent plotline featuring a corrupt KGB agent who harasses the main characters and accepts a bribe from a competitor to influence the disposition of rights. These differences underscore why Plaintiff's infringement claim should be dismissed. *See Abdin*, 971 F.3d at 69 ("'numerous differences' … 'tend to undercut substantial similarity.'") (quoting *Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905, 913 (2d Cir. 1980)).

To the extent Plaintiff claims Defendants copied his use of "Cold War intrigue," his decision to focus on the "Russian government organization ELORG" and a "three-way race" to acquire rights to Tetris (Opp. 4), those are all either unprotectable ideas, scenes-a-faire or "interpretation[s] of an historical event," which the Second Circuit has held "are not copyrightable as a matter of law." *Hoehling*, 618 F.2d at 978 ("To avoid a chilling event on authors who

3

contemplate tackling an historical issue or event, broad latitude must be granted to subsequent authors who make use of historical subject matter, including theories or plots."). Indeed, Plaintiff now concedes that "a cold war spy thriller is not subject to copyright protection" (Opp. 21) even though Cold War spy themes featured prominently in his pleading (FAC ¶¶ 2, 25, 27, 31, 59(n)).

Plaintiff's conclusory assertion that "the entire format and structure, and nearly every scene in the movie is a direct copy from Ackerman's book" (Opp. 16) is belied by the detailed analysis in Defendants' Motion (Mot. 10-26) and is insufficient to avoid dismissal. *See Warner v. Amazon.com, Inc.*, 2023 U.S. Dist. LEXIS 174188, at *38 (S.D.N.Y. Sept. 28, 2023) (dismissing infringement claim notwithstanding plaintiff's "conclusory assertion" of similarity). Plaintiff's assertion is also undermined by the FAC itself, which cites scenes in the Film in sequential order, yet the allegedly corresponding passages in the Book jump back and forth out of sequence. (FAC ¶ 59.) And while Plaintiff claims the Film contains "actual language used in the [B]ook" (Opp. 16), he fails to identify any such language.

The cases Plaintiff cites to try to prop up his claim of substantial similarity are readily distinguishable. The television programs at issue in *A&E TV Networks, LLC v. Big Fish Ent., LLC*, 2023 U.S. Dist. LEXIS 105348, at *12-13 (S.D.N.Y. June 16, 2023) (cited at Opp. 22, 28) contained numerous similarities of creative expression, including identical percussive, fast-paced music played while a black screen displayed nearly identical messaging using nearly identical language, use of dual screens during car chases with similar camera angles, switching back and forth between live action and pre-shot police patrol footage, and host commentary that used many of the same catchphrases—all of which made the works "virtually indistinguishable". *Id.*

Similarly, the videos at issue in *Walkie Check Prods., LLC v. ViacomCBS Inc.*, 2022 U.S. Dist. LEXIS 113357, at *23-28 (S.D.N.Y. June 27, 2022) (cited at Opp. 29) contained numerous

4

similarities of creative choices, including "show[s] about a house party using: (i) livestreaming from mobile devices; (ii) real-time interaction and distribution via social media; (iii) an organic and unscripted format; (iv) a hybrid aspect ratio that switches between a selfie-style vertical aspect ratio and a more traditional horizontal aspect ratio; and (v) intimate viewer access."  And the works at issue in *Gal v. Viacom Intern., Inc.*, 403 F. Supp. 2d 294, 306 (S.D.N.Y. 2005) (cited at Opp. 28) had extensive similarities of creative plot points, fictional characters, pacing and the concluding storyline.  Here, by contrast, Plaintiff has identified only scattershot similarities based on unprotectable real-world events and individuals.

In *Becdelievre v. Anastasia Musical LLC*, 2018 U.S. Dist. LEXIS 55815, at *24 (S.D.N.Y. Apr. 2, 2018) (cited at Opp. 29), the defendants' musical included fictionalized elements from plaintiff's play that could not be traced to the historical record, and the plaintiff disputed whether certain elements constituted historical facts.  Here, by contrast, Defendants have shown—and Plaintiff does not dispute—that any alleged similarities relate to real-world events.

Lastly, the court need not consider *Gregorini v. Apple Inc.*, 2022 U.S. App. LEXIS 4640 (9th Cir. Feb. 22, 2022) (cited at Opp. 28), a case decided under Ninth Circuit law involving fictional works with psychological and supernatural themes entirely unrelated to historical events. *See Gregorini v. Apple Inc.*, 2020 U.S. Dist. LEXIS 196123, at *17 (C.D. Cal. May 28, 2020).

>   **B.      Plaintiff Does Not Dispute that the Court Can Take Judicial Notice of Prior Reporting About the Events that the Works Allegedly Have in Common**

Unable to address the fact that any alleged similarities relate to real-world events, Plaintiff tries to convince the Court that it cannot consider the prior reporting that Defendants submitted with their Motion. (Opp. 1.)  It is well settled, however, that courts may take judicial notice of published materials to establish that certain events have been publicly reported. (Mot. 7 n.5) (citing *Effie Film*, 909 F. Supp. 2d at 298-99 (courts "may take judicial notice of facts that various

5

newspapers, magazines, and books were published solely as an indication of information in the public realm at the time, not whether the contents of those articles were, in fact, true"); *Grecco v. AP*, 2017 U.S. Dist. LEXIS 105264, at *6 (S.D.N.Y. July 7, 2017) (judicial notice of newspaper article); *O'Keefe v. Ogilvy & Mather Worldwide, Inc.*, 2006 U.S. Dist. LEXIS 91959, at *3 (S.D.N.Y. Dec. 18, 2006) (judicial notice of existence of newspaper and magazine articles)). Tellingly, Plaintiff does not actually dispute the authenticity of any of the materials Defendants cite. Nor could he, as many of them—including the *Game Over* book and the BBC Documentary—are cited in Plaintiff's own bibliography. While Plaintiff's infringement claim should be dismissed for relying on unprotectable facts, this prior reporting provides additional support to inform the Court's analysis. Whether Plaintiff was the first or tenth person to recount the history of Tetris, he does not own that history, and cannot prevail here.

### C. Plaintiff's Allegations of Ownership and Access are Irrelevant

Plaintiff recites lengthy allegations from his FAC in an attempt to show that he wrote the Book and that Defendants had access to the Book before the Film was released. (Opp. 2-8.) However, those allegations are entirely irrelevant to the instant motion. Copyright infringement claims will be dismissed where, as here, there is no substantial similarity of protectable expression, regardless of whether the plaintiff owns a valid copyright or whether the defendants had access to the plaintiff's work. *See Effie Film, LLC*, 909 F. Supp. 2d 273, 303 n.13 (S.D.N.Y. 2012) (granting motion for judgment on the pleadings based on the absence of substantial similarity, even though alleged infringer conceded access for purposes of the motion); *Lewinson v. Henry Holt & Co.*, 659 F. Supp. 2d 547, 564 n.6 (S.D.N.Y. 2009) ("[E]ven if Plaintiff could uncover evidence during discovery that Defendants had access to the Registered Work … Defendants cannot be held liable for copyright infringement unless substantial similarity between the works is shown."); *Cates v. Schlemovitz*, 2023 U.S. Dist. LEXIS 168889, at *22-23 (N.D.N.Y. Sep. 22, 2023) (granting motion

to dismiss, and stating plaintiff cannot "advance [his] putative infringement claim" "[e]ven if Defendants had accessed the Composition").

### D. Plaintiff's Argument About Defendants' Screenplay is a Red Herring

Recognizing that his infringement claim as to the Film is meritless, Plaintiff raises tangential issues. He argues—for the first time—that the *screenplay* used to create the Film "presumably" infringes his Book, and that the Court supposedly cannot grant the Motion without reviewing the screenplay. (Opp. 8-10, 16.) Plaintiff is mistaken. The alleged similarities identified in the FAC relate not to the screenplay, but to the Film, which is thus the only allegedly infringing work at issue. (FAC ¶ 59(a)-(mm) (presenting an "exhaustive analysis and examination of the *film* and book, which outlines the substantial similarities between the two works") (emphasis added); *see Walker v. Time Life Films, Inc.*, 784 F.2d 44, 52 (2d Cir. 1986) (explaining that "the finally released version of the film was the best and most relevant evidence on substantial similarity" and holding that district court properly declined to consider earlier screenplays, because "as a matter of law … no substantial similarity exist[ed] between the protectible portions of the final versions of the work"); *cf. Effie Film, LLC*, 909 F. Supp. 2d at 279 n.1 ("only the post-filming version of *Effie* is presently at issue").

Plaintiff's assertion (Opp. 9) that screenplays, in general, contain elements not found in the resulting film is pure speculation not supported by any factual allegations or legal precedent. To the contrary, courts in this District have found that, where, as here, the plaintiff has not pointed to any allegedly infringing elements in a screenplay that are not also contained in the film, "discovery regarding the screenplay drafts would have had no bearing on determination of the copyright claims regarding the movie, given that the 'ultimate test of infringement must be the film as produced and [displayed]' without consideration of preliminary scripts." *Flaherty v. Filardi*, 388

7

F. Supp. 2d 274, 283 (S.D.N.Y. 2005) (quoting *Davis v. United Artists, Inc.*, 547 F. Supp. 722, 724 n.9 (S.D.N.Y. 1982)).

Plaintiff's cases are inapposite. *King Zak Indus., Inc. v. Toys 4 U USA Corp.*, 2017 U.S. Dist. LEXIS 202784 (S.D.N.Y. Dec. 8, 2017) involved disposable tableware, not screenplays, and *Berkson v. Gogo LLC*, 97 F. Supp. 3d 359 (E.D.N.Y. 2015) is not a copyright case at all.

Plaintiff's copyright infringement claim should therefore be dismissed with prejudice.

## II.    Plaintiff's Unfair Competition Claim Fails as a Matter of Law

Plaintiff's only response to Defendants' argument that his unfair competition claim is preempted by the Copyright Act (Mot. 26-27) is to recite the legal standard for preemption. But while Plaintiff recognizes (Opp. 30-31) that an ostensibly state law claim must have an "extra element" that makes it qualitatively different from an infringement claim in order to avoid preemption, Plaintiff noticeably fails to identify any such "extra element" in his unfair competition claim. Plaintiff's reliance on *Roy Exp. Co. Establishment of Vaduz v. CBS*, 672 F.2d 1095, 1105 (2d Cir. 1982) (cited at Opp. 30) is misplaced, as that case applied the preemption analysis under the 1909 Copyright Act, rather than the 1976 Copyright Act that applies to Plaintiff's claims. It was therefore decided before the Second Circuit's seminal preemption decision in *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305-06 (2d Cir. 2004).

Even before *Briarpatch*, the Second Circuit had rejected the "commercial immorality" argument Plaintiff raises here. *See Fin. Info., Inc. v. Moody's Investors Serv., Inc.*, 808 F.2d 204, 208 (2d Cir. 1986) (holding that state law claims that rely on the misappropriation branch of unfair competition are preempted, and rejecting argument that "commercial immorality" created an exception to this rule). *ITC Ltd. v. Punchgini, Inc.*, 9 N.Y.3d 467, 478 (2007) (cited at Opp. 31) is likewise irrelevant, as it did not apply copyright preemption analysis at all.

8

As to the "merits" of the unfair competition claim, Plaintiff merely repeats the allegations in the FAC—*i.e.*, that TTC chose not to license its intellectual property to Plaintiff for use in a film or television adaptation of his Book. (Opp. 30.) This does not come close to alleging "bad faith misappropriation of the labors and expenditures of another, likely to cause confusion or to deceive purchasers as to the origins of the goods." *See ID Tech LLC v. Bayam Grp., Inc.*, 2023 U.S. Dist. LEXIS 54391, at *26 (S.D.N.Y. Mar. 29, 2023) (internal citations omitted).

Plaintiff even admits that TTC owns valuable intellectual property rights, including its "name and image" (Opp. 6), which TTC had every right to decline to license to Plaintiff. This rebuts Plaintiff's claim that TTC acted "unfairly" by declining to license its rights to Plaintiff. *See Kap Jeung Tang v. Jinro Am., Inc.*, 2005 U.S. Dist. LEXIS 44988, at *26 (E.D.N.Y. Oct. 10, 2005) ("[B]ad faith cannot be found where a defendant's alleged misconduct represents nothing more than having exercised its legal rights.").

Plaintiff's unfair competition claim should therefore be dismissed with prejudice.

### III. Plaintiff Concedes that His Tortious Interference with Business Relations Claim Fails as a Matter of Law

Plaintiff presents absolutely no response to Defendants' arguments with respect to his tortious interference claim (Mot. 28-30), which should therefore be dismissed. *See Komlossy v. Faruqi & Faruqi, LLP*, 2017 U.S. Dist. LEXIS 25490, at *25 (S.D.N.Y. Feb. 23, 2017) (claim was "deemed abandoned" where "Plaintiff nowhere oppose[d]" defendants' arguments for dismissal), *aff'd*, 714 F. App'x 11 (2d Cir. 2017); *Moccio v. Cornell Univ.*, 2009 U.S. Dist. LEXIS 62052, at *4 (S.D.N.Y. July 21, 2009), *aff'd*, 526 F. App'x 124 (2d Cir. 2013) ("Whatever the merit of [the defendants'] argument [for dismissal], plaintiff has abandoned … the … claim, as her motion papers fail to contest or otherwise respond to [the] defendants' contention.")).

9

IV. **Plaintiff's Complaints About Footnotes Are a Meritless Sideshow**

Unable to address the merits of Defendants' Motion, Plaintiff resorts to nitpicking about Defendants' use of footnotes. (Opp. 1, 10-12.) Those complaints should be disregarded. Defendants' moving brief complies with both the enlarged page limits granted by the Court (Dkt. 45) and with Local Rule 11.1(b), which permits the use of footnotes in 10 point font.

Plaintiff's assertion that "the entirety of [Defendants'] argument is contained within the footnotes and not their actual brief" (Opp. 10) is demonstrably false. Defendants used footnotes primarily to cite supporting case law, relevant prior reporting, and other sources. That is common practice, and was especially necessary in this case, as Defendants had to respond to 39 paragraphs of scattershot allegations of similarities in Plaintiff's pleading.

Plaintiff's citations (Opp. 12) to cases where briefs exceeding page limits were stricken are inapposite, if not deliberately misleading. For example, in *P&G Auditors & Consultants, LLC v. Mega Int'l Commercial Bank Co.*, 2019 U.S. Dist. LEXIS 169750, at *8 (S.D.N.Y. Sept. 30, 2019) the defendant's motion to dismiss attached "various written communications between the parties," which could not be considered on the motion, and their reply brief was filed after missing several deadlines. Yet, the court still *denied* the plaintiff's request to strike the attachments. *Id.* The plaintiff in *Bletas v. Deluca*, 2011 U.S. Dist. LEXIS 160393, at *2-3 (S.D.N.Y. Dec. 16, 2011) submitted a single-spaced brief and included 647 pages of affidavits and exhibits that the court previously rejected. And in *DeAngelis v. Am. Airlines, Inc.*, 2008 U.S. Dist. LEXIS 25323, at *3-4 (E.D.N.Y. Mar. 31, 2008), the court permitted the plaintiff to resubmit papers that complied with the local rules, after she failed to file a Rule 56.1 statement in opposition to the defendant's summary judgment motions, which is not the case here.

## **CONCLUSION**

For the foregoing reasons, and those set forth the Motion, Defendants respectfully ask that the Court dismiss Plaintiff's First Amended Complaint, and all claims asserted therein, with prejudice.

Dated: New York, New York
June 14, 2024

LOEB & LOEB LLP

By: /s/ Tal Dickstein
Barry Slotnick
Tal Dickstein
Elena De Santis
345 Park Avenue
New York, NY 10154
Telephone: 212.407.4000

*Attorneys for Defendants Noah Pink, Apple Inc., Access Industries, Inc., A.I. Film Production Limited (incorrectly sued as AI Productions Ltd.), Marv Studios Ltd., FB Commissioning Ltd., Maya Rogers, and The Tetris Company, Inc.*

238987213